**SIGNED this 29th day of June, 2012**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | |
| LEON CRAWFORD RICKER | No. 11-14403 |
| Debtor; | Chapter 13 |
| LEON CRAWFORD RICKER, | |
| Plaintiff, | |
| v. | |
| ATHENS REGIONAL MEDICAL CENTER | Adversary Proceeding No. 12-1032 |
| Defendant. | |

**MEMORANDUM**

Defendant Athens Regional Medical Center ("Defendant") moves this court to dismiss

the complaint of plaintiff debtor Leon Crawford Ricker ("Ricker" or "Plaintiff") in this adversary

proceeding. [Doc. No. 6].[1] The Plaintiff has failed timely to respond. The court recognizes that Local Bankruptcy Rule 7007-1 indicates that "[a] failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. Bankr. L.R. 7007-1(a). However, the Sixth Circuit has cautioned lower courts that they should consider the merits of an action before dismissing a case for the procedural failure to respond to a motion. *See Stough v. Mayville Community Schools*, 138 F.3d 612 (6th Cir. 1998) (citing *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991)). Therefore, the court will consider the merits of the Plaintiff's motion.

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. The court has determined that it will GRANT the Defendant's motion and DISMISS the Plaintiff's complaint.

**I.    Background Facts**

Plaintiff filed his Chapter 13 voluntary bankruptcy petition on August 12, 2011. [Bankr. Case No. 11-14403]. The Defendant first filed its proof of claim on September 8, 2011. *See* [Bankr. Case No. 11-14403, Claim No. 6]. On March 23, 2012 the Plaintiff filed an ex parte motion under Fed. R. Bankr. P. 9037 seeking a protective order to restrict public access to the Defendant's proof of claim because it contained the Debtor's private, personal information. [Bankr. Case No. 11-14403, Doc. No. 29]. On March 28, 2012 the court granted the Plaintiff's motion and ordered the Defendant to "file an amended proof of claim with the proper redactions which can be publicly accessed and will serve as a substituted proof of claim." [Bankr. Case No.

---

[1] All citations to docket entries pertain to docket entries for Adversary Proceeding 12-1032, unless otherwise noted.

11-14403, Doc. No. 34]. The Defendant filed an amended proof of claim containing appropriate redactions.

On the same day that he filed the ex parte motion, March 23, 2012, the Plaintiff filed the complaint in this adversary proceeding. [Doc. No. 1, Complaint]. The Plaintiff claims that the Defendant's original proof of claim for the amount of $559.50 for services performed included the Plaintiff's full name, full address, and entire social security number. Complaint, ¶ 10. He asserts that he never consented to the release of this private information and that he has suffered anxiety and mental anguish as a result of the publication of his personal information. *Id.* at ¶¶ 13, 14.

The Debtor asserts four separate causes of action in his Complaint. The first cause of action is for "contempt of court, violation of federal district court and bankruptcy court orders and Federal Rule of Bankruptcy Procedure 9037"; the second cause of action is for "violation of local bankruptcy rules, bankruptcy court orders and policy; failure to redact non-public information"; the third cause of action is for "invasion of privacy", and the fourth cause of action is for "breach of duty to protect customer information." *See* [Doc .No. 1].

In its brief in support of its motion to dismiss, the Defendant asserts that "[t]he Debtor never informed Athens of its inadvertent failure to completely redact the Debtor's information on Claim 6 prior to the filing of the Complaint. In fact, Athens did not learn of the Debtor's allegations until it received a copy of the Complaint. Furthermore, the Debtor incurred the legal fees associated with the Complaint and Ex Parte Motion without first contacting Athens or requesting that Athens voluntarily redact Claim 6 during the period of time from the filing of Claim 6 through March 28, 2012, the date of entry of the Ex Parte Order." [Doc. No. 7, p. 2].

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint " 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean Motor Co.*, 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In *Twombly* the Supreme Court emphasized that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65 (citations omitted). *See also, Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must

take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

### III. Analysis

#### A. Plaintiff's Claim for Contempt of Court and Violation of Court Orders and Fed. R. Bankr. P. 9037

The Plaintiff's first cause of action cites the E-Government Act of 2002, the policies and orders of the United States District Courts and the United States Bankruptcy Courts for the Eastern District of Tennessee, Federal Rule of Bankruptcy Procedure 9037, 11 U.S.C. § 105, and 11 U.S.C. § 107.

Federal Rule of Bankruptcy Procedure 9037 states in relevant part:

(a) Redacted Filings
Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or non-party making the filing may include only:
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

Fed. R. Bankr. P. 9037.

11 U.S.C. § 107 provides in relevant part:

The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title. . . .

11 U.S.C. § 107(c)(1)(A). 18 U.S.C. § 1028(d) defines an "identification document" to include a "document made or issued by or under the authority of the United States Government . . . ." 18 U.S.C. § 1028(d).

> 11 U.S.C. § 105 provides in relevant part that:
>
> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

The Defendant notes that the Plaintiff's claims are highly similar to the plaintiff's claims in *French v. American General Financial Services*, 401 B.R. 295 (Bankr. E.D. Tenn. 2009). In that case the plaintiff filed a voluntary Chapter 13 bankruptcy case, and the defendant filed a proof of claim for a nonpriority, unsecured claim. *Id.* at 301. Attached to the proof of claim was a note signed by the plaintiff indicating the plaintiff's full social security number and date of birth. *Id.* at 302. Within about two weeks the plaintiff filed an ex parte motion to restrict public access to the proof of claim, and the court entered an order granting the motion. *Id.* The defendant immediately removed the offending attachment to the proof of claim, and the court's electronic filing system ("ECF") users could no longer access the plaintiff's social security number.

The plaintiff filed an adversary complaint that alleged that the defendant's filing of the proof of claim opened the door to the risk of identity theft. *In re French*, 401 B.R. at 302. The plaintiff brought claims for violation of the E-Government Act of 2002, Fed. R. Bankr. P. 9037, and invasion of privacy. *Id.* The court addressed a similar cause of action in *In re French* that attempted to combine a violation of Fed. R. of Bankr. P. 9037 with 11 U.S.C. §§ 105 and 107.

The court in *In re French* reviewed whether Rule 9037 and 11 U.S.C. §§ 105 and 107 alone could create a private right of action. The bankruptcy court noted that:

> [u]ndoubtedly included within the court's § 105(a) powers is the authority to find a party in civil contempt for noncompliance with orders or violations of the Bankruptcy Code and/or Rules; however, it "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law[.]"

*In re French*, 401 B.R. at 314 (quoting *Pertuso v. Ford Motor Credit Co*, 233 F.3d 417, 423 n.1 (6th Cir. 2000)). It further explained that "11 U.S.C. § 107(c) does not create a private right of action, and, under Sixth Circuit authority, § 105 may not be used to create a private right of action when it does not otherwise exist. Likewise, '[t]he rules are designed to supplement the statute, not replace it.'" *Id.* at 314 (quoting *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 151 (B.A.P. 8th Cir. 2004).

Although 11 U.S.C. § 105 does grant the court broad powers, it is "not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004). In *Pertuso* the Sixth Circuit explained that a court's powers under Section 105 were limited and that it did "not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them.'" 233 F.3d at 423 (quoting *Kelvin v. Avon Printing Co., Inc. (Matter of Kelvin Publishing, Inc.)*, No. 94-1999, 1995 WL 734481 (6th Cir. Dec. 11, 1995)). Therefore, the court concludes that the Complaint fails to state a cause of action under Fed. R. Bankr. P. 9037, Section 105 or Section 107, standing alone.

Further, the bankruptcy court in *In re French* reviewed relevant provisions of the E-Government Act of 2002, found at 44 U.S.C. § 3501 *et seq.* and incorporated as part of the Paperwork Reduction Act. 401 B.R. at 310.  Following an extensive review of the Act's purposes and provisions, it determined that "the Paperwork Reduction Act, incorporated within the E-Government Act of 2002, does not provide a private cause of action." *Id.* at 313.  Therefore, the Plaintiff fails to state a claim based on any alleged violation of the E-Government Act of 2002.

After determining that Rule 9037, Section 105, and Section 107, in their individual capacities, do not create a private right of action, the bankruptcy court in *In re French* then determined that Section 105 *combined* with Rule 9037 could create an action for contempt.

> Notwithstanding the above, insofar as Count Five seeks a finding of contempt for violations of Rule 9037, the court is expressly authorized by § 105(a) to enforce and implement court orders and rules, which includes, unquestionably, the Federal Rules of Bankruptcy Procedure. Rule 9037 directs that, in any filing containing a debtor's social security number and birth date, only the last four digits of the social security number and the birth year, respectively, are to be disclosed, *see* Fed. R. Bankr. P. 9037(a)(1), (2), and noncompliance with this Rule could potentially give rise to a contempt action.

*In re French*, 401 B.R. at 315.  The court recognized that generally, contempt actions should be brought as contested matters, but it decided that "for the sake of judicial economy," it would "allow this contempt action to proceed within this adversary proceeding." *Id.* at 315 n.9.

This court agrees with the reasoning in *In re French*. Although Sections 105 and 107, as well as Rule 9037 do not give rise to a private right of action standing alone, when Section 105 is combined with a possible violation of Rule 9037, an action for contempt may lie. However, as Judge Cook pointed out in his recent order dismissing a substantially similar action in *Buckner v. Athens Regional Medical Center (In re Buckner)*, many courts addressing similar violations of

Main Document - Memorandum/Opinion Page 9 of 17

Rule 9037 have considered whether a defendant's violation was willful, malicious or flagrant when considering whether to allow a claim of contempt to proceed. [Adv. Proc. No. 12-1033, Doc. No. 9, p. 3]. *See Dunbar v. Cox Health Alliance, LLC (In re Dunbar)*, 446 B.R. 306, 311-14 (Bankr. E.D. Ark. 2011); *Carter v. Flagler Hospital (In re Carter)*, 411 B.R. 730, 736-38 (Bankr. M.D. Fla. 2009); *Maple v. Colonial Orthopaedics, Inc. (In re Maple)*, 434 B.R. 363, 373-74 (Bankr. E.D. Va. 2010); *Carter v. Checkmate (In re Carter)*, No. 09-00132, 2009 WL 3425828, at *4 (Bankr. N.D. Ala. Oct. 23, 2009). As one court noted, use of Section 105, combined with a violation of Rule 9037, may allow for sanctions "'where it was shown that a creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently.'" *In re Carter*, 411 B.R. at 738 (quoting *Newton v. ACC of Enter., Inc. (In re Newton)*, No. 08-1106, 2009 WL 277437, at *5 (Bankr. M.D. Ala. Jan. 29, 2009)).

In this case the court concludes that whether the Defendant's conduct, as alleged by the Plaintiff, was a flagrant violation is a close call. The court notes that the Complaint asserts that this court's ECF system and "[c]ourt policies require the redaction of certain personal identifiers so much so that when filing documents there is a reminder to redact when you log in and just before you submit the document." Complaint, ¶ 24. Therefore, the Defendant allegedly ignored this court's own reminders to redact the Plaintiff's personally identifying information on two separate occasions as it filed its proof of claim. These facts weigh in favor of allowing Plaintiff's claim for contempt to proceed.

However, several other factors militate in favor of dismissal of this claim. The first factor is that the Plaintiff did not oppose the motion to dismiss. This court's local rules provide that "[a]

failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. Bankr. L.R. 7007-1(a). The second factor is that there is no other allegation in the Complaint that describes conduct by the Defendant that would be perceived as flagrant or malicious. When faced with substantially similar facts in *In re Buckner*, Judge Cook dismissed this claim. The final reason the court finds this claim is appropriate for dismissal is that a motion for contempt should properly be brought as a contested matter rather than as an adversary proceeding. *See In re French*, 401 B.R. at 315, n. 9. For these reasons, the court concludes that the Plaintiff's first cause of action will be DISMISSED.

Thus, the Defendant's motion to dismiss count one relating to civil contempt will be GRANTED.

### B. Violation of Local Bankruptcy Rules and Orders

Regarding the Plaintiff's second cause of action, the Complaint states:

> Court policies require the redaction of certain personal identifiers so much so that when filing documents there is a reminder to redact when you log in and just before you submit the document.
>
> By filing non-public information of the plaintiff, the defendant has violated this Court's policies, putting the plaintiff at risk and causing damage by making publicly available the plaintiff's personal information.
>
> Under 11 U.S.C. § 105, the court has the inherent ability to enforce the Court's Orders and Rules and to prevent an abuse of process.

Complaint, ¶¶ 24-26. It is unclear what specific local bankruptcy rules or orders the Plaintiff alleges the Defendant violated in its proof of claim. This court has already held that Section 105, standing alone, does not create a private right of action. *See Pertuso*, 233 F.3d at 423. The court has already addressed *supra* that Rule 9037 can be combined with Section 105 to create an action

for contempt; however, the Plaintiff has not addressed any other specific rule or policy that provides for a private right of action for an alleged violation.

The court does have Administrative Procedures for Electronic Case Filing that can be found on the court's website, and Part VII.C. of such procedures includes a provision on "Compliance with Bankruptcy Rule 9037" that pertains to transcripts of court proceedings. However, those administrative procedures merely explain and refer to the requirements under Rule 9037. The Plaintiff has not indicated any other cause of action, separate from his first cause of action, established by this court's rules and procedures that would provide him with a private right of action for the Defendant's inclusion of his full social security number on the proof of claim. Thus, to the extent the Plaintiff seeks to bring a separate cause of action under Section 105 that is not combined with Rule 9037, the court will DISMISS such claim.

### C.    Invasion of Privacy

The Plaintiff's third cause of action is a claim for invasion of privacy. In his Complaint the Plaintiff asserts that:

> Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the plaintiff by disclosing the debtor's personal non-public information.
>
> Defendant intentionally and/or negligently caused harm to plaintiff's emotional well-being by engaging in this highly offensive conduct thereby invading and intruding upon plaintiff's right to privacy.

Complaint, ¶¶ 30-31.

The bankruptcy court in *In re French* also addressed the tort of invasion of privacy under Tennessee law as it related to the publication of social security numbers in a proof of claim. 401 B.R. at 315-319. The court concluded that the plaintiff had not alleged sufficient facts to

withstand the defendant's motion to dismiss. *Id.* at 316. The court reviewed Tennessee law pertaining to the tort of invasion of privacy that deals with the public disclosure of private facts:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.
>
> "Under the Restatement definition, a required element of the torts of publicity given to private life and publicly placing a person in false light is *publicity*."
>
> The form of invasion of the right of privacy covered in this Section depends upon publicity given to the private life of the individual. "Publicity," as it is used in this Section, differs from "publication," as that term is used in § 577 in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public.
>
> In other words, "[t]he interest protected by the tort is the plaintiff's right to be free from unwanted publicity. Thus essential to recovery is a showing of public disclosure of private facts. Communication to a single individual or to a small group of people, absent breach of contract, trust, or other confidential relationship, will not give rise to liability."

*In re French*, 401 B.R. at 315-16 (quoting Restatement (Second) of Torts § 652D, "Publicity Given to Private Life"; *Cawood v. Booth*, No. E2-7-02537-COA-R3-CV, 2008 WL 4998408, at *8-9 (Tenn. Ct. App. Nov. 25, 2008); *Rossi v. Schlarbaum*, No. 07-3792, 2009 WL 222418, at *10 (E.D. Pa. Jan. 29, 2009); *Beard v. Akzona, Inc.*, 517 F.Supp. 128, 132 (E.D. Tenn. 1981)). Further, the court noted that comment b to Restatement § 652D provides that no liability follows from publication of information that is already a matter of public record, such as dates of birth. *In re French*, 401 B.R. at 316.

The bankruptcy court then reviewed the specific Administrative Procedures in place for the ECF for the United States Bankruptcy Court for the Eastern District of Tennessee, effective May 17, 2005, as amended. *In re French*, 401 B.R. at 317-318. The court noted that:

> The simple fact that all documents filed in a bankruptcy case file are technically deemed "public records" does not satisfy the "publicity" element necessary to state a claim for invasion of privacy under Tennessee law. Here, the Proof of Claim was filed only within the court's ECF system, and as evidenced by the Administrative Procedures, access to ECF is limited by the registration requirements to attorneys admitted to practice in the Bankruptcy Court for the Eastern District of Tennessee, non-attorney trustees, creditors, claims agents, court reporters, and transcribers by the registration requirements and to the public at large by fee requirements and having accessibility to travel to one of the divisional offices of the clerk located in Chattanooga, Greeneville, and Knoxville. Moreover, the attachments to the Proof of Claim containing the Plaintiff's information were only accessible on the court's ECF system from October 31, 2008, until they were removed two weeks later on November 14, 2008, and in order to access it, a user would have been required to access the Plaintiff's Claims Register rather than the docket sheet for her case and then access the individual Proof of Claim itself.

*Id.* at 318.

The *In re French* court relied on the decision in *Southhall v. Check Depot, Inc. (In re Southhall)*, No. 08-00128, 2008 WL 5330001 (Bankr. N.D. Ala. Dec. 19, 2008) for support of its decision to dismiss the plaintiff's claim of invasion of privacy. 401 B.R. at 318. In *In re Southhall* the bankruptcy court addressed a claim of invasion of privacy under Alabama law, which interprets the tort in a manner similar to Tennessee. 2008 WL 5330001 at *3. In that case the defendant had published the plaintiff's full social security number in a proof of claim that remained unredacted for 15 months. The court explained its reasoning for dismissing the invasion of privacy claim in this manner:

> The Debtor has failed to allege any facts that would support a finding that the matter was publicized. To the contrary, while the Claim was filed with this Court via the electronic filing system, such information is only available to parties who take affirmative actions to seek out the information. There are three ways to view

> information filed in any particular debtor's case. For access to the Court's electronic database, parties must be licensed to practice law and must register with the Court to obtain a login and password. As officers of the Court, that an attorney may have had access to this information does not pose a risk to the Debtor. Other creditors of the Debtor already had access to this information. The notice of the section 341 meeting of creditors that was mailed to all of the Debtor's creditors contained the Debtor's full social security number as required by Rule 2002(a)(1) of the Federal Rules of Bankruptcy Procedure. The 341 notice accessible in PACER is a redacted notice pursuant to Rule 9037 and contains only the Debtor's last four digits of her social security number. The final way to gain access to the bankruptcy file is to physically visit the Clerk's Office and use the computers provided to the public there. While it would appear that public access is freely granted to case files, if sought out, the likelihood that any member of the public viewed the Debtor's file is remote. The Clerk's Office sees little foot traffic, very few members of the public access the Court's electronic database in the Clerk's Office. Further, the Debtor has not asserted or alleged that anyone actually sought out and viewed the Debtor's personal information nor has she asserted that she suffered any damages as a result of the filing of the Claim. The Court therefore finds that the information was not in fact "publicized" and did not constitute an invasion of privacy.

*Id.* at *3. The court then dismissed the plaintiff's invasion of privacy claim.

Like the plaintiff in *In re Southhall*, the Plaintiff here has not alleged that he suffered any damages from the Defendant's failure to redact his personal information. His Complaint does not assert that he was the victim of identity theft based on the wrongful disclosure of his private information. Nor does he assert that some member of the public attempted to access his personal information through viewing the Defendant's proof of claim. Therefore, the court concludes that it will follow the reasoning outlined in *In re Southhall* and *In re French* and DISMISS Plaintiff's invasion of privacy claim. The Plaintiff has not demonstrated the element of publicity sufficient to state a claim for the tort of invasion of privacy under Tennessee law. In addition, he has failed to assert that he suffered any specific damages from the alleged invasion of privacy. The Defendant's motion to dismiss the invasion of privacy claim will be GRANTED.

### D. Breach of Duty to Protect Customer Information

Plaintiff's fourth and final cause of action is a claim for the breach of the duty to protect customer information. In support of this claim the Plaintiff alleges that:

> As custodian of plaintiff's personal, non-public information the defendant had a duty to protect the plaintiff's personal, non-public information from disclosure to a third party and the public at large.
>
> The defendant also had a duty to protect plaintiff's personal, non-public information pursuant to Rule 9037 of the Federal Rules of Bankruptcy Procedure. This Rule specifically limits the personal identifiers that may be used in any paper or electronic filing and that list makes it a violation for any party to disclose the personal information disclosed by the defendant in this case.

Complaint, ¶¶ 33-34. As this court noted *supra*, Rule 9037 does not, by itself, create a private right of action. However, Rule 9037, combined with this court's powers pursuant to Section 105, may provide an action for contempt. However, this court has already addressed this cause of action with respect to the Plaintiff's first claim. To the extent that the Plaintiff's fourth claim attempts to state a cause of action based on Rule 9037 standing alone, the court will DISMISS such claim.

Tennessee courts recognize the importance of the right to confidentiality of medical records:

> A patient's expectation that his or her medical records will remain private has constitutional, statutory, and decisional protection in Tennessee. Patients have a constitutionally protected interest in avoiding the disclosure of private, personal information, and their medical records fall within the sphere of constitutionally protected private information. . . .While Tennessee has never recognized a common-law physician-patient privilege, the Tennessee Supreme Court has recognized the existence of an implied covenant of confidentiality between physicians and their patients.

*McNiel v. Cooper*, 241 S.W.3d 886, 894-95 (Tenn. Ct. App. 2007) (citing *Givens v. Mulliken ex rel. McElwaney*, 75 S.W.3d 383, 407 (Tenn. Sup. Ct. 2002)) (other citations omitted).

In *Givens* the Tennessee Supreme Court addressed whether an implied contract under Tennessee law exists providing that a patient's medical information will remain confidential. 75 S.W.3d at 407. In that case the Court addressed a plaintiff's claim that the defendant insurance company induced her physician to breach express and implied contracts of confidentiality with her by responding to a defective subpoena and by speaking to defendant's counsel informally outside of a deposition. The Court noted:

> [a]lthough we have yet to decide a case where an implied contract of confidentiality arose between a physician and a patient, we have recognized that such a possibility exists when a patient compensates a physician in return for medical treatment. Since our decision in *Quarles*, however, the General Assembly has enacted several statutes that expressly require a physician and others to keep a patient's medical records and identifying information confidential. Through the enactment of these statutes, patients and physicians now clearly expect that the physician will keep the patient's information confidential, and this expectation arises at the time that the patient seeks treatment. . . . As such, we now expressly hold that an implied covenant of confidentiality can arise from the original contract of treatment for payment, and we find that the plaintiff's complaint here has adequately alleged the existence of an implied covenant of confidentiality.

75 S.W.3d at 407-08 (citing *Quarles v. Sutherland*, 389 S.W.2d 249, 252 (Tenn. Sup. Ct. 1965)).

The Court then determined that the plaintiff failed to allege sufficient facts to assert that her treating physician breached the implied duty of confidentiality by responding to a "technically defective subpoena." *Givens*, 75 S.W.3d at 408. The Court concluded that the plaintiff's failure to allege that the physician acted in bad faith or was aware that the subpoenas were defective made her allegations insufficient to state a claim. The Court found, however, that the complaint alleged sufficient facts to assert that the physician breached the implied covenant of confidentiality by informally speaking to opposing counsel about the plaintiff's condition without her consent. *Id.* at 409. The Court held "that a physician breaches his or her implied covenant of confidentiality by divulging medical information, without the patient's consent,

through informal conversations with others." *Id.* The Court found it important that the plaintiff alleged that the physician had shared or divulged her medical information with others. The Court ultimately held that the plaintiff failed to state a claim for inducement of the breach of implied covenant of confidentiality because she alleged no legally cognizable injury from the alleged breach. *Id.* at 410.

In this case, the Plaintiff has not asserted that anyone accessed his personally identifying information while it was available in ECF. Therefore, he has not sufficiently alleged a breach of any implied right of confidentiality, accomplished by divulging such information to outside individuals. Nor has the Plaintiff alleged any specific damages that he has sustained as a result of the information provided in the proof of claim. In addition, the Plaintiff has failed to identify any other specific statutes that the Defendant has violated in support of this cause of action. For these reasons, the court will DISMISS the Plaintiff's fourth cause of action.

## IV.    Conclusion

As explained *supra*, the court concludes that the Defendant's motion to dismiss should be GRANTED.  The Plaintiff's claims against it will be DISMISSED with prejudice.

A separate order will enter.

# # #